UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHARTWELL RX, LLC,

Plaintiff,

- against –

MAYNE PHARMA COMMERCIAL LLC, f/k/a
MAYNE PHARMA INC.,

Defendant.

Case No. 7:25-cv-04140
(KMK)(JCM)

**STIPULATED PROTECTIVE ORDER**

**WHEREAS**, in connection with the above-captioned litigation (the "Action"), Plaintiff

Chartwell RX, LLC and Defendant Mayne Pharma Commercial LLC, f/k/a Mayne Pharma Inc.

(each a "Party" and collectively the "Parties"), believe that certain information contained in

documents, interrogatory responses, responses to requests for admission, or deposition testimony

involves the production or disclosure of trade secrets, confidential business information, or other

proprietary information;

WHEREAS, the Parties agree that the entry of this Stipulated Protective Order

("Protective Order") is warranted to protect against disclosure of such documents and

information;

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the

Court having found that good cause exists for the issuance of an appropriately tailored order

pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "Protective Order"), it is

hereby;

**ORDERED** that the following restrictions and procedures shall apply to the information

and documents exchanged by the Parties in connection with the pre-trial phase of this Action:

1

1.     Counsel for any Party may designate as confidential for protection under this Protective Order, any information or document that constitutes or includes, in whole or in part, confidential, proprietary information, trade secret, or otherwise sensitive non-public information of the Party or a Third Party to whom the Party reasonably and in good faith believes it owes an obligation of confidentiality with respect to such document, information, or material ("Confidential Information"). Any information or document designated by a Party as confidential will be stamped "CONFIDENTIAL."

2.     The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the Action and shall not be used by any Party for any business, commercial, or competitive purpose.

3.     A Party receiving discovery material shall not be obligated to challenge its designation as "Confidential" at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. If any Party elects to challenge the designation of any discovery material as "CONFIDENTIAL," such Party (the "Challenging Party") shall do so in good faith and must begin the process through notice provided in writing to counsel for the designating Party identifying the challenged information or document with specificity, including Bates-number where available, and identifying the basis for each challenge. If the designating Party does not agree to re-designation within five (5) calendar days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and all local or individual rules will be

met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.  Nothing in this Protective Order constitutes an admission by any Party that Confidential Information disclosed in this case is relevant or admissible. Each Party reserves the right to object to the use or admissibility of the Confidential Information.

4.      Documents and information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

a.      The requesting Party and counsel, including in-house counsel;

b.      Employees of such counsel assigned to and necessary to assist in the litigation;

c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d.      The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.      Any Party who requests additional limits on disclosure (such as "For Attorneys' or Experts' Eyes Only" in extraordinary circumstances), may at any time before the trial of this action, serve upon counsel for the recipient Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel will address their dispute to this Court in accordance with Paragraph 3 herein.

6.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

a.      Inform the person of the confidential nature of the information or documents;

b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

3

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

7.    Prior to filing with the Court information that has been designated as Confidential Information or Attorneys' or Experts' Eyes Only Information, the Parties shall meet and confer concerning any redactions and cooperate in seeking to resolve any disputed issues of confidentiality.

8.    Unless the Parties agree otherwise, all documents filed with the Court that contain any Confidential Information shall be filed under seal by following the protocols for sealing in this Court.

    a.    The Party filing the motion containing Confidential Information is required to file the Confidential Information under seal in accordance with the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions. The filing party shall explain the particular reasons for seeking to file the Confidential Information under seal. The designation of information as "CONFIDENTIAL" in discovery does not create a presumption in favor of sealing.

    b.    To the extent any Party or other entity challenges whether such information should be treated as confidential or should otherwise be sealed from the public, the Designating Party shall have the burden of justifying that the materials should be sealed.

    c.    Except for good cause, the Parties agree not to oppose motions to seal under this Paragraph.

9.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

10.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft), exchanged in discovery shall be maintained by the receiving Party in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

11.     Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Protective Order to allow disclosure of Confidential Information to additional

persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of Confidential Information.

13.     Nothing in this Protective Order shall (i) prevent a Party from disclosing its own information or document that it has designated as "CONFIDENTIAL," as it deems appropriate; (ii) impose any restrictions on the use or disclosure of any information or document obtained other than through discovery in this matter; or (iii) in any way restrict the ability of any party or witness to comply with a legal duty to disclose, regardless of the source of that duty.  A disclosure under item (iii) shall not be deemed a waiver of the other party's obligations under this Protective Order, except as provided by law.

14.     At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or, upon permission of the producing Party, destroyed.

[Space Intentionally Left Blank]

15.     Nothing herein shall preclude the Parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

**SO STIPULATED AND AGREED.**

**DATED:** June 26, 2026
   White Plains, New York

| | |
|---|---|
| **WARSHAW BURSTEIN, LLP** | **BARNES & THORNBURG LLP** |
| By: */s/* Felicia S. Ennis | By: /s/  Ariyike O. Diggs |
| Felicia S. Ennis | Denise Vaughn |
| Robert Fryd | Ariyike O. Diggs |
| 575 Lexington Avenue, 7th Floor | 3340 Peachtree Rd NE |
| New York, New York 10022 | Suite 2900 |
| (212) 984-7891 | Atlanta, GA 30326 |
| fennis@wbny.com | 404-264-4010 |
| rfryd@wbny.com | denise.vaughn@btlaw.com |
| | adiggs@btlaw.com |
| *Attorneys for Plaintiff-Counter Defendant Chartwell RX, LLC* | *Attorneys for Defendant-Counter Claimant Mayne Pharma Commercial LLC, f/k/a Mayne Pharma Inc.,* |

SO ORDERED:

_____     6/26/2026
JUDITH C. McCARTHY
United States Magistrate Judge

7

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHARTWELL RX, LLC,

                Plaintiff,

     - against –

MAYNE PHARMA COMMERCIAL LLC, f/k/a
MAYNE PHARMA INC.,

              Defendant.

Case No. 7:25-cv-04140 (KMK)(JCM)

I,_____, acknowledge that I have read and understand the Stipulated Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential or "For Attorneys' or Experts' Eyes Only."  I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation, I will either return all discovery material to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the  Stipulated Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:  _____

_____          _____
Name (printed)                                  Signature

Signed in the presence of:

_____
(Attorney)

8